-The opinion of the Court was delivered by
Todd, J.
The defendant is appellant from a sentence of ten months’ imprisonment, at hard labor in the State penitentiary, for the crime-of larceny. ■ .
The first matter presented to our consideration is the ruling of. the Judge a guo, refusing to hear evidence offered by the accused on the trial of the cause, relating'to the character of the alleged confession of the accused, implied in an offer to compromise the offense. '
The following are the facts on this point, disclosed by the bill of exceptions reserved to this ruling: .
■ The person whose property was charged to have been stolen, was *1062 sworn as a witness, and asked touching the alleged confession or offer to compromise. It was suggested by the defendant’s counsel, that the foundation had not been laid for the admission of such confession, or •offer by showing that it was free and voluntary. The witness was thereupon questioned.upon the subject, and stated that she had made no threats or promises to induce the confession or offer on the part of the accused, whereupon the counsel for the accused offered to prove by persons who made the arrest, among whom were the son-in-law and the grandson of the witness, the alleged owner of the property, as stated, “ that (quoting from the bill) threats, menaces, and promises were made to the defendant, and undue influences brought to bear upon him, to induce him to offer a compromise, and that it was this mental strain and pressure upon him that led to the attempted compromise.”
The court ruled, “ that the defendant had no right, in law, to show said facts,” and refused to hear any testimony going to show that this offer or confession was forced from him, and not free and voluntary.
The Judge, in so ruling, was. undoubtedly in error.
It is elementary that the confession of an accused is not admissible against him, unless it is a free and voluntary confession, and its character as such must be first shown, as a prerequisite to its admission. When the State offers to make such proof, the issue as to the character of the confession is properly raised, and both sides have the right to be heard on this issue. The inquiry, on a point of such vital importance to an accused, should be free and full, and is not to be closed at the very instant that the State manages to eke out from the prosecuting witness, that she, the witness, had made no threats or promises, and all opportunity denied to the other party to be heard.
And the Judge had no right to conclude, as he says in the bill he did do, that the testimony offered by the accused could not be sufficient to overthrow the effect of the facts shown by Mrs. Granger, the witness in question.
It might be very true that this witness did not, by violence 'or threats, frighten the accused into a confession, nor does it appear that there was any such pretense, but it was unreasonable to hold that others might not have done so, and that the influence of such violence or' threats' was not swaying the mind of the accused when the alleged offer, or confession was made.
Of course, the prisoner’s confession, thus illegally admitted, must have procured his conviction, or was calculated to do so, and from a ruling so-palpably to his injury, the accused is entitled to relief. This conclusion dispenses us from considering the several other questions raised by the appeal, except that relating to the legality of the arraignment.
*1063 In our opinion, for reasons unnecessary to state, we think the accused was properly arraigned, also, that the minutes were properly corrected to show that the information was filed, and thp date of its filing.
It is, therefore, ordered, adjudged and decreed, that the sentence and judgment appealed from be annulled, avoided and reversed, and that the ease be remanded to the lower court, to be proceeded with according to law.